UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN RAMON RUELAS VELAZQUEZ,

Plaintiff,

v. Case No: 6:25-cv-639-JSS-DCI

SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY and DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.
_______________________________________/

**ORDER**

Defendants move to dismiss Plaintiff's complaint (Dkt. 1) for lack of subject matter jurisdiction. (Dkt. 9.) Plaintiff opposes the motion. (Dkt. 13.) Upon consideration, for the reasons outlined below, the court grants the motion.

Plaintiff alleges that he applied for an unlawful presence waiver under 8 U.S.C. § 1182(a)(9)(B)(v) and was denied. (*See* Dkt. 1.) He seeks judicial review of the denial under the Administrative Procedure Act (APA). (*See id.*) However, the APA does not apply where the relevant "agency action is committed to agency discretion by law" or where the relevant "statute[] preclude[s] judicial review." 5 U.S.C. § 701(a). Accordingly, the APA does not confer subject matter jurisdiction in this case because section 1182(a)(9)(B)(v) commits an unlawful presence waiver to Defendants'

discretion and provides: "No court shall have jurisdiction to review a decision or action . . . regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v). Congress used "expansive language . . . when stripping federal courts of jurisdiction to review actions regarding waivers governed by [section] 1182(a)(9)(B)(v)," *Mafundu v. Mayorkas*, 699 F. Supp. 3d 1310, 1315 (S.D. Fla. 2023) (alteration adopted and quotation omitted), and the denial of an unlawful presence waiver falls under this language.

Plaintiff argues that the court nonetheless possesses jurisdiction to decide whether Defendants violated their own regulations when they denied his waiver application. (*See* Dkt. 13 at 9.) The court has considered this argument along with Plaintiff's other arguments and does not find them persuasive. *See Brasil v. Wolf*, No. 20-24222-CIV-BLOOM/OTAZO-REYES, 2021 WL 2269808, at *5–6, 2021 U.S. Dist. LEXIS 84937, at *11–15 (S.D. Fla. Mar. 17, 2021) (rejecting similar arguments and concluding that the court lacked subject matter jurisdiction when the plaintiff sought to reverse the denial of a waiver application), *report and recommendation adopted by* 2021 WL 1746170, at *2, 2021 U.S. Dist. LEXIS 84656, at *5–6 (S.D. Fla. May 4, 2021), *aff'd sub nom. Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1194 (11th Cir. 2022).

Because the court lacks subject matter jurisdiction, this case is **DISMISSED without prejudice**. *See United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) ("Jurisdiction is power to declare the law, so when it does not exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause." (alteration adopted and quotation omitted)). The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on November 18, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record